# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RYAN L. BESSERT,**

      **Plaintiff,**

v.                                                                                            Case No. 18-CV-1187

**LANGLADE COUNTY,**

      **Defendant.**

## DECISION AND ORDER SCREENING PLAINTIFF'S COMPLAINT

Ryan L. Bessert, who is currently housed at the Chippewa Valley Correctional Treatment Facility and who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendant[1] violated his civil rights. He also claims that the defendants violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq* ("ADA") and The Rehabilitation Act, 29 U.S.C. § 701 *et seq* ("RA"). This matter is before me on Bessert's motion for leave to proceed without prepayment of the filing fee and for screening of his complaint.

    1. *Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee.

---

[1] I cannot determine on the face of the complaint if the plaintiff meant to sue just Langlade County or if he meant to name other individuals. While he fails to list other defendants, frequently throughout the complaint he refers to the defendants.

On September 27, 2018, I ordered Bessert to pay an initial partial filing fee of $4.51. He paid the fee on October 15, 2018. Accordingly, I will grant Bessert's motion. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. *Screening of the Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

2.1     Allegations in the Complaint

Bessert alleges that he is disabled because both of his legs have been amputated. He claims that on June 6, 2016, he was confined at the Langdale County Jail and was assigned to a handicap cell. Bessert then alleges that three days later, he was involuntarily placed into a non-handicapped cell. He does not state who made this decision. He claims that he remained in a non-handicapped cell until August 12, 2016, when the jail inspector, Denise Ellis, arranged to have him transferred back to a handicapped cell. He alleges that he then remained in a handicapped cell until he was released from Langdale County Jail. He does not state when that was.

Bessert alleges that between June 9 and August 12, he requested multiple times that he be moved back into a handicapped cell, but the requests were denied. He does not specify to whom he made these requests and who denied them. Bessert states that, at one point, Don Bergbower, Jail Administrator, told him that the non-handicap cell block "is the best block to be placed in." (Docket No. 1 at 2).

Bessert claims that as a result of being placed in a non-handicapped cell, he had difficulties moving around; difficulties getting to the sink and toilet; and difficulties getting to his wheelchair. He also claims that he fell twice, and nearly fell several times. Generally, he claims the accommodations have caused him physical, mental, and emotional pain. For relief, he seeks compensatory and punitive damages.

2.2 Analysis

While Bessert appears to allege facts that could meet the elements for an Eighth Amendment deliberate indifference claim as well as claims under the ADA and the RA, his complaint fails to state the actors. For section 1983 claims, he needs to specify who caused the constitutional violation and how they acted to cause it. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). In other words, because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specify in his allegations what each individual defendant did (or did not do) to violate his constitutional rights. For the ADA and RA claims, he needs to state who denied him access because of his disability. *Jaros v. Illinois Dept. of Corrections*, 684 F. 3d 667, 672 (7th Cir. 2012).

Bessert does not identify who he believes violated his constitutional rights. At most, Bessert mentions that Don Bergbower commented on his placement and that Denise Ellis finally addressed the issue. But he doesn't specify who placed him in the non-handicapped cell and who denied his requests to be placed back into a handicapped cell. Accordingly, if Bessert wants to pursue this case, he must file an amended complaint that specifies the defendants who he believes violated his constitutional rights and details how they allegedly violated them.

When writing his amended complaint, Bessert should provide me with enough facts to answers to the following questions: 1) Who violated his constitutional rights?; 2) How did

each person violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? Bessert's complaint does not need to be long, or contain legal language or citations to statutes or cases, but it does need to provide me and each defendant with notice of what each defendant allegedly did to violate Bessert's rights. If Bessert does not know the name of the defendant who allegedly violated his rights, he may identify them as "John Doe" or "Jane Doe." If his amended complaint is allowed to proceed, Bessert will have an opportunity to conduct limited discovery to determine the defendants' identities.

I am enclosing a copy of the complaint form and instructions. Bessert should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—18-cv-1187—in the field for "Case Number." **He must list all of the defendants in the caption of the complaint.** He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaint and must be complete in itself. Bessert cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If Bessert files the amended complaint by the deadline specified below, I will screen it under 28 U.S.C. § 1915A. If he does not want to proceed with the case, he does not have to take any further action. If he does not file an amended complaint by the deadline (or explain

5

to the court why he is unable to do so), I will conclude that he no longer wishes to proceed with this case, and I will dismiss the case without prejudice.

**IT IS THEREFORE ORDERED** that Bessert's motion for leave to proceed without prepayment of the filing fee (Docket #7) is **GRANTED**.

**IT IS FURTHER ORDERED** that, if Bessert wants to proceed with this case, he must file an amended complaint consistent with this Order by **November 28, 2018**. If Bessert does not file an amended complaint by the deadline (or explain why he is unable to do so), the court will conclude that he no longer wishes to purse this case and will dismiss it without prejudice based on his failure to prosecute.

**IT IS FURTHER ORDERED** that the agency having custody of Bessert shall collect from his institution trust account the **$345.49** balance of the filing fee by collecting monthly payments from Bessert's prison trust account in an amount equal to 20% of the preceding month's income credited to Bessert's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Bessert transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with Bessert remaining balance, to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Bessert is confined.

**IT IS FURTHER ORDERED** that Bessert shall submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

The court further advises Bessert that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 9th day of November, 2018.

BY THE COURT:

_s/ Nancy Joseph_____
NANCY JOSEPH
United States Magistrate Judge