UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN L. BESSERT,

    Plaintiff,

    v.                                          Case No. 18-C-1187

LANGDALE COUNTY, et al.,

    Defendants.

## ORDER

    Plaintiff Ryan L. Bessert, who is representing himself, has filed a motion for contempt against the defendants because they failed to respond to his subpoena. Bessert also filed a motion to review deposition recordings and two motions for an extension to respond to the defendants' motion for summary judgment. This order resolves these motions.

    At the outset, all of Bessert's motions are unsigned. Federal Rule of Civil Procedure 11(a) states that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." However, for the reasons explained below, it would be futile for Bessert to resubmit the motions with signatures.

    Bessert states that he served a subpoena on the defendants giving them until July 24, 2020, to respond. The defendants did not respond to the subpoena, prompting Bessert to move for contempt. The defendants assert in their response to Bessert's motion for contempt that the subpoena demanded Bessert be given an opportunity to inspect the jail and an opportunity to "measure, survey, and photograph" the jail. Dkt. No. 108 at 1. The defendants also state that the

subpoena claimed to have a list of items Bessert wanted for inspection, but Bessert failed to attach the list. Despite these deficiencies, the defendants state they offered Bessert the opportunity to inspect the jail facility on July 20, 2020. Specifically, Corrections Sergeant Theodore Skarlupka made a sworn statement saying he went to Bessert's cell at approximately 5:00 p.m. that day to give him a tour of Langdale County Jail. Dkt. No. 110 at ¶ 4. Bessert, in supplemental materials, asserts that Skarlupka did come to his cell but told him he was too busy to take him on a tour. Dkt. No. 113.

Bessert has also filed two motions for extension of time because he has not received the materials he requested in both the July 2020 subpoena and another subpoena he filed on July 29, 2020. In that subpoena, which he filed with the court as well (Dkt. No. 116-2), he requests photographs, records of purchases from June through August 2016, and the 2016 policies and procedures of Langdale County Jail. Bessert states he needs the materials to respond to the defendants' motion for summary judgment.

The court notes that discovery closed in this case on February 28, 2020. The information Bessert is trying to obtain via subpoena is information that he should have requested during the discovery period using interrogatories (written questions) and requests for production of documents that he should have served directly on the defendants. The defendants have no legal obligation to provide the materials requested via subpoena and could have objected to the subpoenas. However, it appears the defendants are still attempting to accommodate Bessert's requests contained in the subpoenas. In light of this, the motion for contempt would be denied.

Additionally, the court highlights that the defendants' pending summary judgment motion concerns only the question of whether Bessert exhausted his administrative remedies by using Langdale County Jail's grievance system before filing his lawsuit. Indeed, in its June 17, 2020

order on Bessert's motion to appoint counsel, the court outlined the defendants' exhaustion arguments and explained how Bessert could sufficiently respond to those arguments. Dkt. No. 101 at 2–3. As such, while Bessert may need the materials he requested in the subpoenas to address the merits of his case, he does not need them to address whether he exhausted his administrative remedies.

Bessert did file his own summary judgment motion that does address the merits of the case, but a district court cannot decide a case on the merits until it has first addressed the defendants' exhaustion claim. *See Fluker v. Cty. of Kankakee*, 741 F.3d 787, 792 (7th Cir. 2013). Accordingly, the court will stay the briefing of Bessert's summary judgment motion until it addresses the defendants' exhaustion motion. Likewise, in the event that Bessert survives summary judgment on exhaustion, the court will reopen discovery and reset the dispositive motion deadline. At that time, Bessert may then use interrogatories and requests for production of documents, instead of subpoenas, to obtain the information he seeks.

The defendants are not required to respond to Bessert's subpoena dated July 29, 2020. However, in acknowledging Bessert's confusion over the nature of the defendants' summary judgment motion, the court will, on its own, give him one final extension to respond. Bessert must file a response to the defendants' summary judgment motion by September 21, 2020. If he fails to do so, the court will accept all the facts asserted by the defendants as undisputed and will enter summary judgment accordingly. This will likely result in summary judgment granted in the defendants' favor and the case being dismissed.

Finally, Bessert brought an unsigned motion requesting that the court let him review his deposition with a third party. This motion would also be denied. The defendants filed the complete deposition transcript which was certified by a notary public swearing that the transcript is a true,

3

full and correct transcript of his deposition. Dkt. No. 86-1 at 15. Also, the deposition was recorded by Willette Court Reporting, LLC, which is a third party. Bessert offers no evidence other than his bald assertion that the defendants' attorney is modifying the statements Bessert made in the deposition. The court finds the certification of the transcript to be valid and there is no basis to have it reviewed by another third party.

**IT IS THEREFORE ORDERED** that, pursuant to Federal Rule of Civil Procedure 11(a), Bessert's unsigned motion for contempt (Dkt. No. 107), his unsigned motions for extension (Dkt. No. 106 and 115), and his unsigned motion to review deposition (Dkt. No. 114) are **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that the briefing deadlines for Bessert's summary judgment motion (Dkt. No. 64) are **STAYED** pending resolution of the defendants' motion for summary judgment on exhaustion grounds. (Dkt. No. 73).

**IT IS FURTHER ORDERED** that Bessert has until **September 21, 2020** to file a response to the defendants' motion for summary judgment on exhaustion grounds. Failure to respond by this date will result in the court deeming the defendants' facts as undisputed and entering summary judgment accordingly.

Dated in Green Bay, Wisconsin this 21st day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge